## Charles P. King
### v.
## Franklin D. Kelly et al.

*Creditors' Bills—Sufficiency of Evidence to Establish Fraud.*

The decree of the court below, dismissing a creditor's bill charging fraud, affirmed, the sole question being as to the sufficiency of the evidence to sustain the charges of the bill.

[Opinion filed December 8, 1890.]

Appeal from the Circuit Court of Peoria County; the Hon. T. M. Shaw, Judge, presiding.

Messrs. Jack & Tichenor, for appellant.

Messrs. William S. Kellogg and James A. Cameron, for appellees William A. Gray and Mary A. Gray.

Upton, J. This was a creditor's bill by appellant against appellees, seeking discovery concerning certain property alleged to have been fraudulently transferred by Franklin D. Kelly, one of the defendants in the bill named. The suit is based upon a judgment entered in the Circuit Court of Peoria County, October 3, 1888, in appellant's favor, and against the defendants Kelly, Irwin and Schofield, for $552 and costs. The bill alleges that the indebtedness on which the judgment was rendered was contracted about June 16, 1887; that execution issued upon the judgment to the county wherein parties defendants in the judgment named resided, and returned " no property found," etc. The bill also charges on

information and belief, that defendants have property which they keep concealed, or to which the title is held in trust, and can not be reached on execution. That Kelly, one of the defendants, had fraudulently transferred his property in secret trust, with intent to defraud complainant; that some of the persons to whom such fraudulent conveyances have been made by Kelly, are the defendants Wm. A. Gray, Inez M. Irwin and Louis Stalter, sheriff, etc.

A further allegation of the bill charges that William A. Gray, at the September term, 1888, of the Circuit Court of Tazewell County, obtained a judgment against Joseph B. and Inez M. Irwin for $1,164.20, on which execution issued September 15, 1888, which was placed in the hands of Sheriff Stalter for collection, that the same is, or is about to be, collected, and charges that although the said judgment was rendered in the name and favor of said Gray, the same is in equity owned and controlled by Franklin D. Kelly, and that the moneys obtained therefrom should be applied to the payment of complainant's judgment against Kelly. The bill also charges that at the time the indebtedness to the complainant accrued, and at the time of filing the bill, said Kelly and Gray were engaged in a profitable business partnership, and as such co-partners, have concealed from complainant, and such sheriff holding said execution, goods and chattels of great value, and a large amount of credits and bills receivable due the firm; that the interest of defendant Kelly therein is more than sufficient to pay complainant's judgment against him if any accounting was had between such alleged co-partners, and that such co-partnership was possessed of other personal property of value, particularly a large safe, all of which should be delivered to the sheriff and applied on complainant's execution.

The bill prays specific discovery as to the allegations thereof from defendants Kelly and Gray, and under oath, and for an injunction against the sheriff (Stalter) from paying the money collected by execution on the judgment against Irwins to defendant W. A. Gray; that on final hearing, application thereof be made on the complainant's judgment against said Gray.

The defendants W. A. Gray and F. D. Kelly filed their several answers to the bill under their respective oaths, in which they each positively deny that said Gray holds in trust secretly or fraudulently as charged in the bill, or otherwise, any property, moneys, goods, chattels or effects belonging to said Kelly, or in which he has a pecuniary interest, or which ought to be applied to the satisfaction of complainant's said judgment, etc.    They further deny that defendant Kelly has, or ever had any interest in the judgment of W. A. Gray v. J. B. and I. M. Irwin, rendered in Tazewell county, or in the moneys to be obtained therefrom; they deny he ever controlled the same, deny that Kelly ever owned the notes upon which the said judgment was obtained, or that he ever had any interest in said notes; allege that the moneys were obtained from Mary A. Gray, wife of W. A. Gray, and were her separate estate and not derived from her husband; the notes for the moneys so loaned were taken in the name of W. A. Gray, her husband, by an arrangement between them which is set forth, and states that she was the equitable owner at all times of the said notes upon which the said judgment was rendered, and of the judgment as well, and that her husband, W. A. Kelly, acted as the agent and trustee for her, and had no interest either in the notes or the judgment.    The alleged co-partnership of Kelly and Gray as charged in the bill is also denied.

Mary A. Gray filed an interpleader, and her answer under oath, which was ordered by the court to be taken as a cross-bill in the suit, in which she sets out specifically, the source from which she obtained the moneys, a part whereof constituted the consideration for the notes from the said Irwins, asserting that she obtained more than $2,000 from her mother's estate in May, 1886, and that she made the loan to Irwin from those moneys through the agency and trusteeship of her husband, W. A. Gray, in whose name the notes were taken and made payable.    That she placed the $1,000, moneys loaned to Irwins, in her said husband's hands in trust to loan for her, and that he made the loan as her trustee and for her use, and that her husband indorsed the notes to her, soon after they were

taken, etc. That the sum of money due on said judgment is her individual money, as stated in the answer of her said husband to complainant's bill, and that neither her said husband nor any one else has any interest therein or to the moneys to be obtained therefrom, and asks that the court decree the same paid to her, and that the injunction be dissolved, etc.

Upon replication being filed, cause was referred to the master to take proofs and report facts and findings; who, after hearing the evidence and preserving the same, filed his report with his findings, which were in favor of the complainant, and found that the fund in sheriff's hand should be applied, so far as necessary, to the satisfaction of complainant's said judgment.

Exceptions were filed to the master's report and findings; and upon hearing the Circuit Court reversed such findings, and entered a final decree dismissing complainant's bill for want of proof to support the allegations of fraud therein set forth, to which exceptions were taken, and an appeal taken to this court.

The only question involved in this contention which we feel called upon to examine, is as to the sufficiency of the evidence to support the charges of fraud set out in the complainant's bill. The charges of fraud, it will be noticed, for which purpose we have stated them as fully as we regard needful, as particularly set out in the bill, are denied in the answer, and all the material allegations of fraud, general and particular, stated in the bill, are denied by the answers of the several defendants against whom the same are alleged, under their several oaths, and they are in good part supported by much of the other evidence in the case. We have carefully examined the whole of the evidence contained in the record before us (which is quite voluminous, and not needful to be here recited) with care, and we do not think the evidence offered by appellant, which can be regarded as admissible in this case, sufficient to overcome the defendant's sworn answer, and the evidence in support thereof offered and heard on behalf of appellees in the trial court. Indeed, upon the merits of this contention, as disclosed by this record, we are clearly of the opinion that the money here in ques-

tion, now in the hands of the sheriff (Stalter), is in fact as well as in equity, the money or property of Mary A. Gray, wife of Wm. A. Gray, defendant herein, and the same should be so treated and regarded, and that the Circuit Court properly so held, and the decree of the Circuit Court dismissing complainant's said bill for that reason, is affirmed.

*Decree affirmed.*